## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| MARTHA JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 8:23-cv-00038 |
| | ) | |
| MITCHELL & LYNN JUDGEMENT | ) | |
| RECOVERY SOLUTIONS LLC, and | ) | |
| JUSTIN LAURER, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MARTHA JOHNSTON, by and through her attorneys, alleges the following against Defendants, MITCHELL & LYNN JUDGEMENT RECOVERY SOLUTIONS LLC and JUSTIN LAURER (hereinafter "Mitchell & Lynn" and "Laurer" respectively and "Defendants" collectively):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

**PARTIES**

7. Plaintiff is a natural person residing in Plant City, Hillsborough County, State of Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendants are debt collectors as that term is defined by the FDCPA and the FCCPA.

11. Within the last one year, Defendants attempted to collect a consumer debt from Plaintiff (FDCPA).

12. Within the last two years, Defendants attempted to collect a consumer debt from Plaintiff (FCCPA).

13. Mitchell & Lynn is a California limited liability company and located in the City of Murrieta, Riverside County, State of California.

14. Laurer is a natural person residing in the State of California.

15. Defendants are business entities and/or individuals engaged in the collection of debt within the State of Florida.

16. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

17. When an unpaid, outstanding account is placed with Mitchell & Lynn it is assigned a file

2

number.

18. The principal purpose of Mitchell & Lynn's business is the collection of debts allegedly owed to, or originally owed to, third parties.

19. Mitchell & Lynn regularly collects, or attempts to collect, debts allegedly owed to, or originally owed to, third parties.

20. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### *PLAINTIFF v. MITCHELL & LYNN JUDGEMENT RECOVERY SOLUTIONS LLC*

22. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid Kay Jewelers account.

23. Defendants assigned 4440204 to the alleged as their internal file number.

24. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

25. Plaintiff does not owe the alleged debt.

26. Mitchell & Lynn uses the name Summit Judgment Solutions in its communications with Plaintiff.

27. Summit Judgment Solutions is not a juridical entity.

28. Mitchell & Lynn is not registered to do business in the State of Florida.

29. Summit Judgment Solutions is not registered to do business in the State of Florida.

30. Summit Judgment Solutions is not a registered assumed or fictious name for Mitchell & Lynn in Hillsborough County, State of Florida.

31. Summit Judgment Solutions is not a registered assumed or fictious name for Mitchell & Lynn anywhere in the State of Florida.

32. Mitchell & Lynn has been attempting to collect the alleged debt from Plaintiff by calling Plaintiff's telephone at 863-852-0838.

33. Mitchell & Lynn calls Plaintiff from, at least, 888-611-3550, which is one of Mitchell & Lynn's telephone numbers.

34. In or around February 2022, Plaintiff spoke to one of Mitchell & Lynn's collectors.

35. During the above-referenced call:

   a. Mitchell & Lynn's collector attempted to collect the alleged debt from Plaintiff;

   b. Plaintiff disputed owing the alleged debt because she has never had a Kay Jewelers account; and

   c. Mitchell & Lynn's collector threatened Plaintiff that Mitchell & Lynn would take her house or car if Plaintiff did not pay the alleged debt.

36. Mitchell & Lynn also sends documents to Plaintiff in an attempt to collect the alleged debt.

37. Attached hereto as Exhibit A is a phony Complaint for Money, complete with a phony caption, phony case number, and signed by a phony attorney, which Plaintiff received in the mail from Mitchell & Lynn, in an attempt to collect the alleged debt from Plaintiff.

38. The phony Complaint for Money is signed by Shawn Bradley.

39. There is no lawyer licensed to practice law in the State of Florida named Shawn Bradley

according to The Florida Bar Lawyer Directory.[1]

40. *Arguendo*, even if Shawn Bradley was not posing as a lawyer, it would be improper for a non-lawyer to attempt to represent a limited liability company (Mitchell & Lynn is a limited liability company) in a court proceeding.

41. Mitchell & Lynn's above-referenced actions were calculated to coerce and frighten Plaintiff into payment of the alleged debt.

42. To date, Plaintiff has not paid the alleged debt.

43. To date, Mitchell & Lynn has not sued Plaintiff.

44. Mitchell & Lynn has never intended to sue Plaintiff.

45. The natural consequences of Mitchell & Lynn's statements and actions was to produce an unpleasant and/or hostile situation between Mitchell & Lynn and Plaintiff.

46. The natural consequences of Mitchell & Lynn actions was to cause Plaintiff mental distress.

47. The natural consequences of Mitchell & Lynn's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

48. Mitchell & Lynn's actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to her legally protected interest of her individual privacy

### PLAINTIFF v. JUSTIN LAURER

49. Laurer is the owner of Mitchell & Lynn.

---

[1] https://www.floridabar.org/directories/find-mbr/?lName=bradley&fName=shawn&sdx=N&eligible=N&deceased=N&pageNumber=1&pageSize=10 (last accessed Dec. 22, 2022).

50. Laurer is the sole member of Mitchell & Lynn.

51. Laurer is the managing member of Mitchell & Lynn.

52. At all relevant times, acting alone or in concert with others, Laurer has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Mitchell & Lynn and its employees, including the acts and practices set forth in this Complaint.

53. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

54. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

### COUNT I
### DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

55. Defendants violated the FDCPA based on the following:

    a.  Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection

with the collection of an alleged debt when Mitchell & Lynn engaged in all of the harassing misconduct alleged above, including attempting to coerce Plaintiff into paying the alleged debt with unlawful and empty threats;

b.   Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Mitchell & Lynn's collector failed to disclose that they were calling from Mitchell & Lynn Judgement Recovery Solutions, LLC;

c.   Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Mitchell & Lynn engaged in at least the following discrete violations of § 1692e;

d.   Defendants violated § 1692e(2)(A) of the FDCPA by their false representation of the character, amount, or legal status of any debt when Mitchell & Lynn's collector made unlawful and empty threats of legal action against Plaintiff and by Mitchell & Lynn mailing a phony Complaint for Money to Plaintiff;

e.   Defendants violated § 1692e(3) of the FDCPA by their false representation or implication that any individual is an attorney or that any communication is from an attorney when Mitchell & Lynn sent a phony Complaint for Money to Plaintiff, with the implication that Shawn Bradley was a lawyer;

f.   Defendants violated § 1692e(4) of the FDCPA by their representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Mitchell

7

& Lynn's collector made unlawful and empty threats of legal action against Plaintiff and by Mitchell & Lynn mailing a phony Complaint for Money to Plaintiff;

g.  Defendants violated § 1692e(5) of the FDCPA by their threat to take any action that cannot legally be taken or that is not intended to be taken when Mitchell & Lynn's collector made unlawful and empty threats of legal action against Plaintiff and by Mitchell & Lynn mailing a phony Complaint for Money to Plaintiff;

h.  Defendants violated § 1692e(10) of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Mitchell & Lynn engaged in at least the other discrete violations of § 1692e alleged herein;

i.  Defendants violated § 1692e(11) of the FDCPA by their failure to disclose in the phony Complaint at Law that Mitchell & Lynn was a debt collector and was attempting to collect a debt and that any information obtained would be for that purpose;

j.  Defendants violated § 1692e(13) of the FDCPA by their false representation or implication that documents are legal process when Mitchell & Lynn sent a phony Complaint at Law to Plaintiff;

k.  Defendants violated § 1692e(14) of the FDCPA by their use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization when it attempted to collect from Plaintiff using the name, Summit Judgment Solutions;

l.  Defendants violated § 1692f of the FDCPA by their use of unfair or

8

unconscionable means to collect or attempt to collect any debt when Mitchell &
Lynn engaged in all of the foregoing misconduct;

m.  Defendants violated § 1692f(1) of the FDCPA by their attempted collection of any
amount (including any interest, fee, charge, or expense incidental to the principal
obligation) unless such amount is expressly authorized by the agreement creating
the debt or permitted by law when Mitchell & Lynn attempted to collect a debt
from Plaintiff that Plaintiff does not owe;

n.  Defendants violated § 1692g(a)(3) of the FDCPA by Mitchell & Lynn ignoring
Plaintiff's oral dispute of the alleged debt and continuing to assume the validity of
the alleged when Mitchell & Lynn threatened to Plaintiff's car and home if she did
not pay the alleged debt;

o.  Defendants violated § 1692g(b) of the FDCPA by engaging in collection activities
and communication that overshadowed or was inconsistent with the disclosure of
the consumer's right to dispute the debt when Mitchell & Lynn ignored Plaintiff's
oral dispute of the alleged debt and threatened to take Plaintiff's car and home if
she did not pay the alleged debt.

WHEREFORE, Plaintiff, MARTHA JOHNSTON, respectfully requests judgment be
entered, both jointly and severally, against Defendants, MITCHELL & LYNN JUDGEMENT
RECOVERY SOLUTIONS LLC and JUSTIN LAURER, for the following:

56. Actual damages, to be determined at trial, pursuant to the Fair Debt Collection Practices
Act, 15 U.S.C. § 1692k.

57. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15
U.S.C. § 1692k.

58. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

59. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

60. Plaintiff repeats and realleges paragraphs 1-54 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

61. Defendants violated the FCCPA based on the following:

   a. Defendants violated § 559.72(7) of the FCCPA by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family when Mitchell & Lynn made unlawful and empty threats of legal action against Plaintiff;

   b. Defendants violated § 559.72(9) of the FCCPA by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist when Mitchell & Lynn made empty threats of legal action against Plaintiff for a debt that Plaintiff does not owe;

   c. Defendants violated § 559.72(10) of the FCCPA by using a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not when Mitchell & Lynn sent a phony Complaint at Law to Plaintiff, signed by a phony lawyer; and

   d. Defendants violated § 559.72(11) of the FCCPA by communicating with a debtor

10

under the guise of an attorney by using the stationery of an attorney or forms or instruments that only attorneys are authorized to prepare when Mitchell & Lynn sent a phony Complaint at Law to Plaintiff, signed by a phony lawyer.

WHEREFORE, Plaintiff, MARTHA JOHNSTON, respectfully requests judgment be entered, both jointly and severally, against Defendants, MITCHELL & LYNN JUDGEMENT RECOVERY SOLUTIONS LLC and JUSTIN LAURER, for the following:

62. Actual damages, to be determined at trial, pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

63. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

64. Costs and reasonable attorney's fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

65. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

66. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

January 6, 2022                By: /s/ Shireen Hormozdi Bowman

Shireen Hormozdi Bowman
Florida Bar No. 0882461
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
-and-
HORMOZDI LAW FIRM, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 312-224-4695
Direct: 678-960-9030
Fax: 312-253-4451
shireen@agrusslawfirm.com
Attorney for Plaintiff

# **<u>EXHIBIT A</u>**



Shawn Bradley
Summit Judgments
41669 Date St. #200
Murrieta, CA 92562
(888) 611-3550
Shawn.B@SummitJudgments.com
Plaintiff
Summit Judgment Solutions
Refer to File Number 4440204

**SUPERIOR COURT OF THE STATE OF FLORIDA**

**HILLSBOROUGH COUNTY CENTRAL DIVISION**

| | |
|---|---|
| Summit Judgment Solutions | ) Case: 4440204 |
| Plaintiff, | ) COMPLAINT FOR MONEY BASED |
| | ) ON: |
| v. | ) |
| MARTHA M JOHNSTON | ) 1) Open Book Accounts; |
| Defendant. | ) 2) Common Counts; and |
| | ) 3) Account Stated |
| | ) |
| | ) Principal Damages Claimed: $750.00 |

---

**FIRST CAUSE OF ACTION**

**(Open Book Account Against All Defendants)**

1.  At all times mentioned herein Plaintiff, Summit Judgment Solutions

    was, and is, a company

formed and maintained under and pursuant to the laws of the state of Florida.

2.  At all times herein mentioned Plaintiff has complied with

1

COMPLAINT FOR MONEY

all licensing requirements as licensed judgment enforcement agency as authorized by the laws of the state of Florida

3.     Prior to the commencement of this action, the plaintiff's assignor, KAY JEWELERS, for valuable consideration, assigned, transferred, and set over to Plaintiff, within indebtedness of the defendants and Plaintiff is now the holder of the assigned rights in its chose in action of said claims.

4.     This cause of action is being brought in the jurisdiction and venue due to the fact that defendant(s)currently reside(s) here

5.     The true names and capacities of the Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant named as a does responsible for each and every obligation hereinafter set forth.

6.     Plaintiff is further informed and believes, and thereon alleges, that each Defendant named in this complaint, was at all times herein mentioned, and now is, the agent and employee of each of the defendants herein, and was all such times acting within the course and scope of said agency and employment.

7.     Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, the Defendant(s), and each of them, is responsible in some manner for the occurrences herein alleged, and the plaintiff's damages, as hereinafter alleged, were proximately caused by the acts of such Defendants(s), and each of them.

8.     The within action is not subject to the provisions of

2

COMPLAINT FOR MONEY

Section 2981, et seq., (Rees-Levering Act) and Section 1801, et seq., (Unruh Act) of Civil Code of the State of Florida.

9.    Defendant(s) and each of them, became indebted to KAY JEWELERS on an open book account per Florida Code of Civil Procedure section 337a, in the sum of $750.00.

10.    There is now due and owing to Plaintiff, by virtue of the assignment alleged in paragraph 3 of this Complaint, the unpaid sum of $750.00, together with interest thereon at the legal rate of 10% per annum from the charge off date of September 5th, 2021.

## SECOND CAUSE OF ACTION
### (Common Counts Against All Defendants)

11.    Plaintiff repeats, re-alleges and incorporates herein by reference the allegations for paragraphs 1 through 10, inclusive, as though set forth at the length herein.

12.    Defendants, and each of them, became indebted to KAY JEWELERS in the principal amount of $750.00, for money advanced, lent, paid, laid out, laid out and/or expended to said Defendant(s), and each of them, and/ or for the benefit of Defendant(s), and each of them, at specific request and/ or direction of Defendant(s), and each of them.

13.    No part of said sum has been paid since on or about September 5th, 2021, although demand for full payment has been made. There is now due and owing to plaintiff, by virtue of the assignment alleged in paragraph 3 of this Complaint, the Unpaid sum of $750.00, together with

3

COMPLAINT FOR MONEY

interest thereon at the legal rate of 10% per annum for the charge off date of September 5th, 2021.

## THIRD CAUSE OF ACTION

### (Account Stated Against All Defendants)

14.    Plaintiff repeats, Re-alleges and incorporates herein by this reference all allegations set forth in paragraph 1 through 13 inclusive, as set forth at length herein.

15.    An account was stated by and between KAY JEWELERS and Defendants, and each of them, and it was agreed that the principal sum stated of $750.00 was due and owning.

16.    There is now a due and owing to Plaintiff, by virtue of the assignment alleged in        paragraph 3 of this Complaint, the unpaid sum of $750.00, together with interest thereon at the legal rate of 10% per annum from the charge off date of September 5th, 2021. **Wherefore,** Plaintiff pays for judgment against Defendants, and each of the, as follows:

COMPLAINT FOR MONEY

**AS TO ALL CAUSES OF ACTION:**

1. For damages in the principal sum of $750.00

2. For interest thereon at the legal rate of 10% from the charge off date of September 5th, 2021.

3. For reasonable attorney's fees according to contract and/or statute;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

DATED: 2/7/2022                                            Summit Judgment Solutions

                                                           BY:

                                                           Shawn Bradley

5

COMPLAINT FOR MONEY