UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTHA JOHNSTON,

    Plaintiff,

v.                                        Case No. 8:23-cv-00038-CEH-AEP

MITCHELL & LYNN JUDGEMENT
RECOVERY SOLUTIONS, LLC; and JUSTIN
LAURER,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    This cause comes before the Court upon Plaintiff Martha Johnston's Motion for Default Judgment ("Motion") against Defendants Mitchell & Lynn Judgement Recovery Solutions, LLC, and Justin Laurer ("Defendants") (Doc. 18). By the Motion, Plaintiff seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55, against Defendants based on their failure to answer the Complaint. For the reasons set forth below, it is recommended that Plaintiff's Motion be granted.

**I. Background**

    On January 6, 2023, Plaintiff filed a Complaint against Defendants for a violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559.72 ("FCCPA") (Doc. 1). Plaintiff's Complaint states that Defendants are

attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid Kay Jewelers account (Doc. 1 ¶ 22). Defendants assigned 4440204 to the alleged as Plaintiff's internal file number (Doc. 1 ¶ 23). Plaintiff's alleged debt arises from personal, family, and household transactions (Doc. 1 ¶ 24). Plaintiff's Complaint states that Plaintiff does not owe the alleged debt (Doc. 1 ¶ 25). Plaintiff states the following about Defendants' affiliation and business:

> Mitchell & Lynn uses the name Summit Judgment Solutions in its communications with Plaintiff; Summit Judgment Solutions is not a juridical entity; Mitchell & Lynn is not registered to do business in the State of Florida; Summit Judgment Solutions is not registered to do business in the State of Florida; Summit Judgment Solutions is not a registered assumed or fictious name for Mitchell & Lynn in Hillsborough County, State of Florida; Summit Judgment Solutions is not a registered assumed or fictious name for Mitchell & Lynn anywhere in the State of Florida
>
> . . .
> Laurer is the owner of Mitchell & Lynn; Laurer is the sole member of Mitchell & Lynn; Laurer is the managing member of Mitchell & Lynn; At all relevant times, acting alone or in concert with others, Laurer has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Mitchell & Lynn and its employees, including the acts and practices set forth in this Complaint.

(Doc. 18, at 3–4). Plaintiff alleges Mitchell & Lynn were attempting to collect the debt from Plaintiff by calling Plaintiff's phone at 863-852-0838 (Doc. 1 ¶ 32). Plaintiff was called from 888-611-3550, which is one of Mitchell & Lynn's numbers (Doc. 1 ¶ 33). In or around February 2022, Plaintiff spoke to one of Mitchell & Lynn's collectors, during which the collector attempted to collect the alleged debt from Plaintiff, Plaintiff disputed owing the debt, and the collector threatened that Mitchell & Lynn would take Plaintiff's house or car if she did not pay (Doc. 1 ¶¶ 34–35). Plaintiff's Complaint

2

alleges that Mitchell & Lynn also sent documents to Plaintiff to collect the debt (Doc. 1 ¶ 36). Plaintiff alleges that a phony Complaint was sent to her with a phony caption, phony case number, and signed by a phony attorney, in an attempt to collect the alleged debt from Plaintiff (Doc. 1 ¶ 37). To date, Plaintiff has not paid the alleged debt (Doc. 1 ¶ 42). Defendants have not sued Plaintiff (Doc. 1 ¶ 43). Plaintiff's Complaint states that "Mitchell & Lynn's actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to her legally protected interest of her individual privacy" (Doc. 1 ¶ 48).

On January 17, 2023, Mitchell & Lynn was served with the Summons and Complaint (Doc. 8). On January 17, 2023, Laurer was served with the Summons and Complaint (Doc. 9). Defendants failed to appear and/or serve an answer or responsive pleading to Plaintiff's Complaint on or before February 7, 2023. On February 9, 2023, Plaintiff filed a Request for Entry of Default against Defendants (Doc. 10). On February 9, 2023, the Clerk of Court entered default against Defendants for failure to appear or otherwise respond to Plaintiff's Complaint (Doc. 11–12).

## II. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*,

515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[1] Because the defendant is deemed to admit the plaintiff's well-pleaded allegations of fact following entry of a default under Rule 55(a), the court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted).[2] If the allegations in the complaint, accepted as true, establish the defaulted defendant's liability, then the court should enter judgment against them. *See, generally Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1288-89 (S.D. Fla. 2016).

Courts assess pleadings in conjunction with a default judgment by a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citation omitted). That is, a court may enter a default judgment only where a pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). At all times, the decision to enter a

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).
[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

4

default judgment remains within the court's discretion. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is also entitled to the relief requested. Notably, allegations regarding the amount of damages are not admitted by virtue of default. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citation omitted). Rather, the plaintiff bears the burden to demonstrate the amount of damages it contends the court should award, and the court determines the amount and character of damages to be awarded. *Id.* Though the court may hold an evidentiary hearing to determine an appropriate amount of damages, it is not required to do so, especially where, as here, the essential evidence is of record. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (noting that, when considering when to enter or effectuate a default judgment, the court maintains discretion regarding whether to conduct an evidentiary hearing to determine the amount of damages); *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. . . . We have held that no such hearing is required where all essential evidence is already of record."); *Wallace*, 247 F.R.D. at 681 ("If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages . . . . However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages."); *see also* Fed. R. Civ. P. 55(b)(2). Notwithstanding, a court must assure that a legitimate basis exists for any damage award it enters. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

## III. Discussion

### A. Subject Matter Jurisdiction and Personal Jurisdiction

Plaintiff's Complaint alleges that Defendants violated the FDCPA, a federal law that authorizes a private cause of action. 15 U.S.C. § 1692k. The Complaint also alleges violations of the FCCPA, a Florida law aimed at the same conduct prohibited by the FDCPA. Accordingly, the Court has jurisdiction over both the federal and the state-law claims. *See* 28 U.S.C. § 1367 *see also Chase v. Aspen Nat'l Fin., Inc.*, 2019 WL 13226074, at *3 (M.D. Fla. Oct. 4, 2019) (noting that "[t]he FCCPA is the Florida state analogue to the federal FDCPA" and concluding that "supplemental jurisdiction over [the p]laintiffs' FCCPA claim [existed] because the conduct that form[ed] the basis of the FDCPA claim [was] the same conduct that form[ed] the basis of the FCCPA claim") (quotation marks and citations omitted). Thus, the Court has subject matter jurisdiction over the claim.

Before entering a default judgment, a court should ensure it has personal jurisdiction over the defaulting defendant. *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *6 (M.D. Fla. June 8, 2018), *report and recommendation adopted*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018). For a federal court to have personal jurisdiction over a nonresident defendant, the forum state's long-arm statute must reach the defendant and the defendant must have sufficient contacts with the forum state such that exercising jurisdiction would not offend due process. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

Here, by claiming that "Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district" (Doc. 1, ¶ 6), it appears that Plaintiff alleges that personal jurisdiction is proper under Florida's long-arm statute. *See* Fla. Stat. § 48.793 (stating that any person "[o]perating, conducting, engaging in, or carrying on a business . . . in this state" subjects himself or herself to the jurisdiction of the state). The Complaint reveals well-pleaded factual allegations showing that Defendants conducted business in Florida. The undersigned finds that the exercise of personal jurisdiction over Defendants would be appropriate in this matter.

### B. Service of Process

On January 17, 2023, Defendant Mitchell & Lynn was served through service on its registered agent at the registered agent's address (Doc. 8). *See* Fed. R. Civ. P. 4(e)(2)(B). Defendant Laurer was personally served on January 17, 2023 (Doc. 8). *See* Fed. R. Civ. P. 4(e)(2)(A). This constitutes proper service on the corporation under Florida law. *See* Fla. Stat. § 48.081. Defendants have not appeared in this matter or otherwise timely filed a response to the Complaint, and the Clerk accordingly properly entered default against Defendants.

### C. Liability

In Florida, consumer debt-collection practices are regulated by the FDCPA and the FCCPA. The FCCPA provides that, in applying and construing the law, courts must give "great weight" to the interpretation of the FDCPA. Fla. Stat. § 559.77(5). The FDCPA creates a private cause of action by any person against a debt collector

who violates any of its provisions. 15 U.S.C. § 1692k(a). The FCCPA creates a private cause of action by any debtor against any person who violates any of its provisions. Fla. Stat. § 559.77(1). Neither requires proof of actual injury. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1083 (7th Cir. 2013); *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 513 (Fla. 1st DCA 2007). Under both, a debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6). Under both, a consumer or debtor is "any natural person obligated or allegedly obligated to pay" a debt. 15 U.S.C. § 1692a(3); Fla. Stat. § 559.55(8).

Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Under the FCCPA, a debt collector is "any person who uses any instrumentality of commerce within [Florida], whether initiated from within or outside [Florida], in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (with exceptions that do not apply here). Fla. Stat. § 559.55(7). There is one distinct difference between the two laws, however. Although the FDCPA does not apply to original creditors, the

FCCPA has been interpreted to apply to original creditors as well as debt collection agencies. *Craig v. Park Fin. of Broward County, Inc.,* 390 F. Supp. 2d 1150, 1154 (M.D. Fla. 2005).

Moreover, the FCCPA provides that "no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). To be liable for a violation, a person must have actual knowledge that the legal right it was asserting did not exist. *Read v. MFP, Inc.*, 85 So. 3d 1151, 1155 (Fla. 2d DCA 2012). The FCCPA thus provides no recovery if the person "merely should have known the debt was not legitimate." *Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 6 (Fla. 4th DCA 2009).

Plaintiff contends that Defendants' demanded that Plaintiff pay for the alleged debt arising from an unpaid Kay Jewelers account (Doc. 1 ¶ 22). Plaintiff argues that Defendants improperly sought payment of the alleged debt because Plaintiff denies owing such debt because she has never had a Kay Jewelers account (Doc. 1 ¶¶ 25, 35b). Further, Plaintiff alleges that Defendants' actions were calculated to coerce and frighten Plaintiff into payment of the alleged debt (Doc. 1 ¶ 41).

Therefore, Plaintiff asserts that although Defendants had actual knowledge that Plaintiff did not owe the alleged debt, Defendants proceeded to claim, attempt, or threaten to enforce the alleged debt by calling and sending Plaintiff demands for payment. Upon review, the allegations contained in the Complaint, which are deemed admitted upon Defendants' default, are sufficient to establish a viable claim that

9

Defendants violated section 1692d of the FDCPA and section 599.72 of the FCCPA and that Plaintiff is entitled to entry of a default judgment.

### D. Damages

As for damages, section 559.77, Florida Statutes, permits a court to exercise its discretion to award "actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat. § 559.77(2). In making that determination, the court "shall consider the nature of the defendant's noncompliance with Section 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional." *Id*.

Plaintiff requests statutory damages not exceeding $1,000.00 for Defendants' violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A). Plaintiff is also seeking additional statutory damages of $1,000.00 from Defendants pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77. Because Plaintiff alleges that Defendants engaged in recurrent harassment and communications attempting to collect on the alleged debt, the undersigned finds Plaintiff's request for damages to be reasonable. Thus, the undersigned recommends awarding Plaintiff $1,000.00 for Defendants' violation of the FDCPA and $1,000.00 for Defendants' violation of the FCCPA.

### E. Attorney's Fees and Costs

Plaintiff seeks an award of attorney's fees and costs, entitlement of which is explicitly provided for in the FCCPA. *See* Fla. Stat. § 559.77(2) ("Any person who fails

to comply with any provision of s. 559.72 is liable for . . . court costs and reasonable attorney's fees incurred by the plaintiff."). As is the case with all attorney's fees petitions, the moving party has the burden of demonstrating that its fee request is reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). In *Hensley*, the Supreme Court set out the framework for evaluating the reasonableness of statutorily available attorney-fee awards. *Id.* To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended.[3] *See Hensley*, 461 U.S. at 433; *Norman*, 836 F.2d at 1299. The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Norman*, 836 F.2d at 1299 (citation omitted). In determining this lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citation omitted). In this context, "market rate" means the hourly

---

[3] When calculating the reasonably hourly rate and the number of compensable hours that are reasonable, courts in the Eleventh Circuit are guided by the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (noting that the *Johnson* factors may still "be considered in terms of their influence on the lodestar amount"). The twelve factors set forth in *Johnson*, may also be relevant considerations for determining the lodestar amount: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. However, these "factors are largely redundant to the lodestar analysis because they are almost always subsumed in the lodestar." *In re Home Depot Inc.*, 931 F.3d 1065, 1091 (11th Cir. 2019).

rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *See Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

After determining the reasonable hourly rate, courts must then determine the number of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434. Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Norman*, 836 F.2d at 1303 (citation omitted). Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. Rather, when a request for attorney's fees is unreasonably high, courts

may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

In the instant case, Plaintiff seeks an award of $2,905.30 in attorney's fees for 9.30 hours (7.60 hours of attorney time plus 1.70 hours of paralegal time) expended on this matter $357 per hour (Doc. 18, at 11). Plaintiff supports his request with a declaration from Plaintiff's counsel (Doc. 18). Plaintiff seeks a rate of $357 for attorney James J. Parr (Doc. 18, at 11). Mr. Parr asserts that he has been a member of the Illinois Bar since 2014 and has extensive training in the area of consumer law and consumer litigation (Doc. 18, at 17, 19). As part of his declaration, Mr. Parr also details a survey report on consumer law attorney's fees (Doc. 18, at 11).

It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). Having considered the attorney's experience and the undersigned's knowledge of market rates in the area, the undersigned finds that an hourly rate of $357 is reasonable. Likewise, the undersigned finds that an hourly rate of $113 for paralegal work is reasonable.

Next, the undersigned considers whether the number of hours expended by Plaintiff's counsel was reasonable. According to Mr. Parr's declaration and the attached billing records, he spent 9.30 hours (7.60 hours of attorney time plus 1.70 hours of paralegal time) on this case (Doc. 18, at 11). Although Defendants have failed to appear and otherwise object to the Motion, the Court must nonetheless ensure that

counsel has exercised billing judgment in the request for fees. After a review of the billing records and filings, the undersigned finds that the hours billed are reasonable.

## IV. Conclusion

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion for Default Judgment (Doc. 18) be **GRANTED** as follows:

    a. Default judgment be entered in favor of Plaintiff and against Defendants;

    b. Plaintiff be awarded a total of $2,000.00 in statutory damages;

    c. Plaintiff be awarded attorney's fees in the amount of $2,905.30 and costs in the amount of $843.55.

IT IS SO REPORTED in Tampa, Florida, this 17th day of October, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge